**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REBECCA BROWER, JAMAL RASHED, BRIAN VINEZEANO, AMY TOLDO ALQADRI, LORA GRODNICK, JOHN BOYD, BRENDA GAUNA, CHARLES SMITH, WALTER TRIESCH, LYN SCOTT, AND JOSE PERALTA, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLGATE-PALMOLIVE COMPANY,<br><br>Defendant. | Case No. 1:25-CV-03348-JPO<br><br>**PROTECTIVE ORDER** |

J. PAUL OETKEN, United States District Judge:

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential

documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Protected Material") shall not disclose such Protected Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) Sensitive commercial information that is not known to the public, including but not limited to, tax data, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

(b) material not known to the public relating to ownership or control of any non-public company;

(c) any information of a personal or intimate nature regarding any individual, including non-public criminal history; or

(d) any other category of information hereinafter given confidential status by the Court.

3. Discovery Material that contains highly sensitive commercial, financial, or proprietary information may be designated as "Highly Confidential – Attorneys' Eyes Only" including, but not limited to:

(a) Corporate trade secrets;

(b) Non-public product development data;

(c) Information obtained from a non-party pursuant to a non-disclosure agreement and customer-related data, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means;

(d) Cost data and pricing formulas; and

(e) Non-public sales information.

4. Information is not Confidential or Highly Confidential - Attorneys' Eyes Only if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Protective Order. Information is likewise not Confidential or Highly Confidential - Attorneys' Eyes Only if a person lawfully obtained it independently of this litigation.

5. With respect to the Confidential or Highly Confidential - Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential - Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential - Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential - Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential - Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential - Attorneys' Eyes Only.

7. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Highly Confidential - Attorneys' Eyes Only, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Highly Confidential - Attorneys' Eyes Only under the terms of this Protective Order.

8. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any non-party witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, but only to the extent reasonably related to the subject matter of their testimony, and provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any non-party person retained by a Party to serve as a consulting or testifying expert or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential - Attorneys' Eyes Only to any other person whomsoever, except to:

(a) the Party that produced the Highly Confidential – Attorneys' Eyes Only Discovery Material and that Party's current employees and Federal Rule of Civil Procedure 30(b)(6) witnesses;

(b) the persons referred to in subparagraphs 8(b)-(i).

10. Prior to any disclosure of any Protected Material to any person referred to in subparagraphs 8(d), 8(f) or 8(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Counsel shall maintain the Non-Disclosure Agreements signed by persons acknowledging their obligations under this Protective Order for a period of three years after the termination of the case.

11. The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties (including, *e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft, or other Personally Identifying Information ("PII")). This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises.

12. It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Protected Material or PII, whether through a data breach or otherwise, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information, and to cooperate with the Producing Party to otherwise address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims and nothing herein shall constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect Protected Material or PII from unauthorized disclosure.

13. Protected Material shall not be submitted to any "Open Generative AI Tool" (e.g., ChatGPT) or any substantially similar tool that is available to or accessible by the public, with or without a subscription or license. Providing Protected Material to any "Open Generative AI Tool" is considered a prohibited disclosure to a third party. The parties may use a closed Generative AI Tool that is private and secured, where there is a contractual agreement providing that the generative AI tool does not retain information beyond any use session, except to the extent retention is reasonably necessary for investigation of abuse violations, system functionality or internal data security operations, provided such information is not used for model training or product improvement purposes and remains subject to the provider's confidentiality obligations. This provision is not intended to limit use of technology assisted review via qualified data storage persons (i.e., electronic discovery or litigation-support vendors). Any party receiving Protected Material must ensure that the contract, software license, terms of use, or any other agreement or terms for use of the AI tool complies with this Protective Order.

14. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for the objecting Party will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases. The Discovery Material that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

15. Any Party who requests additional limits on disclosure may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

16. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

17. Any Discovery Material produced or discovered in this litigation, whether or not designated as Confidential or Highly Confidential – Attorneys' Eyes Only under this Protective Order, and any information derived, summarized, extracted, compiled, or learned therefrom, shall be used solely for purposes of the prosecution, defense, or resolution of this Action and any appeals thereto, and specifically (and by way of example and not limitations) may not be used in any other litigation, arbitration, or mediation, or for any business, commercial, or competitive purpose. Without limiting the foregoing, no Receiving Party, counsel, expert, consultant, or other person receiving or obtaining access to Protected Material may use such Material, directly or indirectly, to investigate, evaluate, develop, initiate, support, plead, prosecute, or otherwise assist in any other action, arbitration, administrative proceeding, claim, or dispute, including any putative, proposed, or certified class, collective, representative, mass, or individual action, whether or not such other matter involves claims, allegations, parties, products, transactions, conduct, or subject matter that are the same as, similar to, arise from, or are related to those at issue in this Action. Nothing in this Order restricts the use in another action or proceeding of information obtained independently of discovery in this Action from a source not subject to this Order, even if the same information also appears in Protected Material produced in this Action. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

18. Nothing in this Protective Order will prevent any person subject to it from producing any Protected Material in its possession in response to a lawful subpoena or other

compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

19. All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Rules and Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Protected Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

20. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Protected Material. Should this case reach summary judgment briefing and/or trial, the Parties reserve the right to request the Court seal or otherwise afford confidential treatment to Protected Material used in connection therewith, as appropriate.

21. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material.

22. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential - Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23. The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as confidential, the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Protective Order.

24. The production of privileged or work product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

25. This Protective Order shall survive the termination of the litigation. Within 30 days after the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

26. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Rebecca A. Peterson* .
Rebecca A. Peterson
1650 W. 82nd St., Ste. 880
Bloomington, MN 55431
Tel: (952) 245-8665
Email: rebecca.peterson@hbsslaw.com

*Attorney for Plaintiffs*

**GREENBERG TRAURIG, LLP**

*/s/ Nilda M. Isidro* .
Nilda M. Isidro
One Vanderbilt Avenue
New York, NY 10017
Tel: (212) 801-9200
Email: nilda.isidro@gtlaw.com

*Attorneys for Defendant Colgate-Palmolive Company*

SO ORDERED

Dated: October 21, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REBECCA BROWER, JAMAL RASHED, BRIAN VINEZEANO, AMY TOLDO ALQADRI, LORA GRODNICK, JOHN BOYD, BRENDA GAUNA, CHARLES SMITH, WALTER TRIESCH, LYN SCOTT, AND JOSE PERALTA, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLGATE-PALMOLIVE COMPANY,<br><br>Defendant. | Case No. 1:25-CV-03348-JPO<br><br>**NONDISCLOSURE AGREEMENT** |

I, ______________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential - Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material or Highly Confidential - Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: __________________

______________________________
By: ___________________________

______________________________________